UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

MICHAEL A. LANE,                          )
                                          )
                Plaintiff,                )
                                          )
        v.                                )    No. 1:26-cv-00130-JPH-KMB
                                          )
VANNINHILL Warden, et al.,                )
                                          )
                Defendants.               )

**ORDER SCREENING COMPLAINT AND
DIRECTING FURTHER PROCEEDINGS**

Plaintiff, Michael A. Lane, is a prisoner currently incarcerated at

Pendleton Correctional Facility ("Pendleton"). He filed this civil action alleging

constitutional violations against the defendants related to persistent flooding

within his cell while he was housed at Wabash Valley Correctional Facility

("Wabash Valley"). Because Mr. Lane is a prisoner, the Court must screen his

complaint. 28 U.S.C. § 1915A.

**I. Screening Standard**

When screening a complaint, the Court must dismiss any portion that is

frivolous or malicious, fails to state a claim for relief, or seeks monetary relief

against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To

determine whether the complaint states a claim, the Court applies the same

standard as when addressing a motion to dismiss under Federal Rule of Civil

Procedure 12(b)(6). *See Schillinger v. Kiley*, 954 F.3d 990, 993 (7th Cir. 2020).

Under that standard, a complaint must include "enough facts to state a claim

to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

1

570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court construes *pro se* complaints liberally and holds them to a "less stringent standard than pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

## II. The Complaint

Mr. Lane asserts claims against twenty-four defendants: 1) Warden Vanihel, 2) Grievance Specialist Madison Passmore, 3) Lt. Tadner, 4) Counselor Mosely, 5) Maintenance Foreman Marley, 6) Carla Conkley, 7) Hazard Manager Hindrix, 8) M. Leohr, 9) Maintenance L. Vasen, 10) Sgt. Dangelo, 11) Officer Abbitt, 12) Officer Pigg, 13) Officer Allen, 14) Officer Stone, 15) Officer Taylor, 16) Officer Wescott, 17) Officer Sansui, 18) Officer Lincoln, 19) Sgt. Leffler, 20) Sgt. Mack, 21) Sgt. Willis, 22) Lt. Yarbro, 23) Nurse Mandy and 24) John Does. He seeks monetary damages only.

Mr. Lane's factual allegations, as summarized here, are accepted as true at the pleading stage. *See Lisby v. Henderson*, 74 F.4th 470, 472 (7th Cir. 2023). On August 21, 2024, while housed at Wabash Valley, a leak between the chase in Mr. Lane's cell began to seep raw sewage. Mr. Lane notified officers, but the leak persisted the next day and flooded his cell. Mr. Lane asked for cleaning supplies from officers but was ignored. For the next five days, the flooding persisted. Mr. Lane's cell became infested with mice and pests, and he was forced to use his clothes and bedding to mop up the sewage water.

2

However, officers still failed to take action. On August 28, Mr. Lane was pulled from his cell to remedy the issue, however, the issue was not fixed and his cell was poorly cleaned.

On August 30, Mr. Lane's cell continued to flood and he slipped and fell injuring his right ankle, hip, and lower back. Officer Abbit, Sgt. Mack and Sgt. Willis pulled him out of his cell and took him in a wheelchair to see a nurse. However, when he was returned to his cell, the issue was still not fixed. The next day, another inmate was injured due to slipping in a flooded cell, and Sgt. Deangelo responded to the issue. On September 1, Officer Taylor came to Mr. Lane's cell to clean up the sewage but refused to use the vacuum to properly clean the area. Mr. Lane attempted to get assistance from Lt. Leffler, but the lieutenant provided no assistance and told him he needed to clean the cell himself. On September 8, Mr. Lane's cell flooded again, and Officer Sansui and Officer Lincoln removed him from the cell while the sanitation department cleaned the area.

Mr. Lane alleges he tried to get help for the issue from the following officers who all failed to take action:  Lt. Yarbro, Sgt. Leffler, Sgt. Mack, non-party Sgt. Ivy, Sgt. Willis, Sgt. Dangelo, Officer Abbitt, Officer Pigg, Officer Allen, Officer Stone, Officer Taylor, Officer Wescott, Officer Sansui, and Officer Lincoln. He also notified the Warden and Grievance Specialist Passmore through his grievance filings. During this time period, Mr. Lane was unable to eat because he was sick from the smell, and he was unable to pray due to the flooding. Mr. Lane filed grievances and was hindered by Grievance Specialist

3

Passmore. Maintenance Foreman Marley was indifferent to the flooding and told Mr. Lane "what's one more day?" while stalling to correct the issue. Dkt. 2 at 7.

### III. Discussion of Claims

Applying the screening standard to the factual allegations in the complaint, certain claims are dismissed while other claims shall proceed as submitted.

First, all claims against Grievance Specialist Madison Passmore are **dismissed for failure to state a claim.** Mr. Lane alleges that his constitutional rights were violated based on his inability to grieve or otherwise pursue his administrative remedies because of unnecessary delays. The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e, requires a prisoner to first exhaust his available administrative remedies before filing a lawsuit in court. Prison staff having the responsibility of providing prisoners with a meaningful opportunity to raise grievances cannot refuse to facilitate that process and then later argue that the prisoner did not comply with procedures or file in a timely manner. *See Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006). "Prison officials may not take unfair advantage of the exhaustion requirement . . . and a remedy becomes 'unavailable' if prison employees do not respond to a properly filed grievance or otherwise use affirmative misconduct to prevent a prisoner from exhausting." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006).

The PLRA's exhaustion requirement does not, however, create a freestanding right under federal law to access the administrative remedy

process. The Seventh Circuit has "specifically denounc[ed] a Fourteenth Amendment substantive due process right to an inmate grievance procedure." *Grieveson v. Anderson*, 538 F.3d 763, 772 (7th Cir. 2008). "Prison grievance procedures are not mandated by the First Amendment and do not by their very existence create interests protected by the Due Process Clause." *Owens v. Hinsley*, 635 F.3d 950, 953-54 (7th Cir. 2011) (citing *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007); *Grieveson v. Anderson*, 538 F.3d 763, 772 & n. 3 (7th Cir. 2008); *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996)).

As explained in *Antonelli*, "any right to a grievance procedure is a procedural right, not a substantive one. Accordingly, a state's inmate grievance procedures do not give rise to a liberty interest protected by the Due Process Clause." 81 F.3d at 1430–31. Because Mr. Lane had no expectation of a particular outcome of his grievances or complaints there is no viable claim which can be vindicated through 42 U.S.C. § 1983. *Juriss v. McGowan*, 957 F.2d 345, 349 n.1 (7th Cir. 1992) (Without a predicate constitutional violation one cannot make out a *prima facie* case under § 1983.)

Second, all claims against Warden Vanihel are **dismissed for failure to state a claim**. "[I]ndividual liability under § 1983 . . . requires personal involvement in the alleged constitutional deprivation." *Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017) (internal quotation omitted). "The plaintiff must demonstrate a causal connection between (1) the sued officials and (2) the alleged misconduct." *Id.* For a public official to be individually liable

5

for a subordinate's constitutional violation, the official must both "(1) know about the conduct and (2) facilitate, approve, condone, or turn a blind eye toward it." *Gonzalez v. McHenry County, Ill.*, 40 F.4th 824, 828 (7th Cir. 2022).

Mr. Lane has not alleged that the Warden had any personal involvement in his claim other than perhaps receiving correspondence related to the flooding and officers' inaction. But mere "knowledge of a subordinate's misconduct is not enough for liability." *Vance v. Rumsfeld*, 701 F.3d 193, 203 (7th Cir. 2012) (en banc).  Indeed, "inaction following receipt of a complaint about someone else's conduct is [insufficient]." *Estate of Miller by Chassie v. Marberry*, 847 F. 3d 425, 428 (7th Cir. 2017); *see Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009) ("[The plaintiff's] view that everyone who knows about a prisoner's problem must pay damages implies that he could write letters to the Governor . . . and 999 other public officials, demand that every one of those 1,000 officials drop everything he or she is doing in order to investigate a single prisoner's claims, and then collect damages from all 1,000 recipients if the letter-writing campaign does not lead to better medical care.  That can't be right.").  Accordingly, claims against him are dismissed.

All claims against Lt. Tadner, Counselor Mosely, Carla Conkley, Hazard Manager Hindrix, M. Leohr, Nurse Mandy and Maintenance L. Vasen must be **dismissed for failure to state a claim**. Although these individuals are listed as defendants in the caption of the complaint, the body of the complaint contains no allegations as to what they allegedly did or did not do with respect to Mr. Lane's flooding issue. "Where a complaint alleges no specific act or

6

conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed, even under the liberal construction to be given pro se complaints." *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974) (citation omitted). To the extent Mr. Lane generically alleges that all of these defendants contributed to the violation of his constitutional rights, that is insufficient to state a claim. *See Brooks v. Ross*, 578 F.3d 574, 580 (7th Cir. 2009) (holding that "vague phrasing" in a complaint alleging that "one or more of the defendants" violated plaintiff's constitutional rights was insufficient to state a claim). All claims against these individuals **are dismissed**.

Claims against all unknown John Doe defendants are **dismissed for failure to state a claim** upon which relief can be granted because "it is pointless to include [an] anonymous defendant [ ] in federal court; this type of placeholder does not open the door to relation back under Fed.R.Civ.P. 15, nor can it otherwise help the plaintiff." *Wudtke v. Davel*, 128 F.3d 1057, 1060 (7th Cir. 1997) (internal citations omitted). Bringing suit against unnamed, or "John Doe," defendants in federal court is generally disfavored by the Seventh Circuit. If through discovery, Mr. Lane is able to learn the name of the unknown defendants, he may seek leave to add a claim against them.

Mr. Lane's Eighth Amendment deliberate indifference claims for damages and First Amendment claims for damages against Sgt. Leffler, Sgt. Mack, Sgt. Willis, Sgt. Dangelo, Officer Abbitt, Officer Pigg, Officer Allen, Officer Stone,

7

Officer Talyor, Officer Wescott, Officer Sansui, Lt. Yarbro, Maintenance Foreman Marley, and Officer Lincoln **SHALL PROCEED**.

### IV. Conclusion and Issuance of Process

The action **will proceed** with Eighth Amendment and First Amendment claims for damages against Sgt. Leffler, Sgt. Mack, Sgt. Willis, Sgt. Dangelo, Officer Abbitt, Officer Pigg Officer Allen, Officer Stone, Officer Taylor, Officer Wescott, Officer Sansui, Lt. Yarbro, Maintenance Foreman Marley, and Officer Lincoln pursuant to 42 U.S.C. § 1983.

The discussion of claims in Part III includes every claim the Court identified in the complaint. If Mr. Lane believes he asserted additional claims that the Court failed to address, he must file a motion to reconsider this order **no later than August 30, 2026**.

The **clerk is directed** pursuant to Fed. R. Civ. P. 4(c)(3) to issue process to the defendants electronically in the manner specified by Rule 4(d). Process will consist of the complaint (dkt. [2]), applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this order.

The **clerk is directed** to serve Sgt. Leffler, Sgt. Mack, Sgt. Willis, Sgt. Dangelo, Officer Abbitt, Officer Pigg, Officer Allen, Officer Stone, Officer Talyor, Officer Wescott, Officer Sansui, Lt. Yarbro, Maintenance Foreman Marley, and Officer Lincoln, employees of the Indiana Department of Correction, electronically.

8

The **clerk is directed** to terminate Warden Vanihel, Grievance Specialist Madison Passmore, Lt. Tadner, Counselor Mosely, Carla Conkley, Hazard Manager Hindrix, M. Leohr, and Maintenance L. Vasen as defendants on the docket.

**SO ORDERED.**

Date: 8/12/2026

*James Patrick Hanlon*

James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

MICHAEL A. LANE
234320
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Electronic Service Participant – Court Only


Electronic Service to IDOC Employees:

    Sgt. Leffler
    Sgt. Mack
    Sgt. Willis
    Sgt. Dangelo
    Officer Abbitt
    Officer Pigg
    Officer Allen
    Officer Stone
    Officer Talyor
    Officer Wescott
    Officer Sansui
    Officer Lincoln
    Lt. Yarbro
    Maintenance Foreman Marley

(All at Wabash Valley Correctional Facility)

9